IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER W. WALTERS, # 85066                                               PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 3:16cv577-CWR-FKB

COMMISSIONER MARSHALL FISHER,
GIA MCLOUD, ALISHA BOX, JUDGE
DAL WILLIAMS, ANTHONY J. BUCKLY,
DENNIS BISNETTE, BRAD THOMPSON,
and JEWORSKI MALLETT                                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte*. *Pro se* Petitioner Christopher W. Walters is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he challenges his convictions, sentences, and parole eligibility date, under 42 U.S.C. § 1983. The Court has considered and liberally construed the pleadings. For the reasons set forth below, the Court finds that this case should be dismissed.

**BACKGROUND**

Walters alleges that he was originally convicted in Lauderdale County for possession of precursors with intent to manufacture methamphetamine. He was paroled on this charge, but when he picked up two new charges in Jones County, he was sent back to MDOC to serve the remaining fourteen years and 364 days on his first conviction.

Walters claims that he was likewise convicted and sentenced separately in Jones County on the two new charges possession of methamphetamine with intent to distribute and grand larceny. He was represented by attorney Brad Thompson, a Defendant in this action. Defendant Judge Dal Williams presided over this criminal matter, and it was prosecuted by Defendant Anthony J. Buckly,

District Attorney, and Assistant District Attorney Dennis Bisnette. On the advice of his attorney, Walters pled guilty to both counts. For possession, he was sentenced to twenty years, with ten to serve, followed by five years on probation. For grand larceny he was sentenced to 5 years, concurrent to Count 1. He claims, however, that he was sentenced to five more years than offered in the plea deal and five years over the statutory maximum allowed for possession. He sues the Judge, the prosecutors, and his defense counsel for the allegedly wrongful convictions and sentences.

Once back at MDOC, Walters claims it misapplied the sentences. Specifically, he complains that MDOC is running his ten year sentence consecutively to the Lauderdale County sentence and is running the five year sentence concurrently with the Lauderdale County sentence, for a total duration of 24 years, 364 days. He believes that MDOC should run all sentences concurrently, which would result in an earlier release date, and that he has already satisfied his original sentence from Lauderdale County.

Besides the release date, Walters claims that MDOC has denied him due process and inflicted cruel and unusual punishment because MDOC has also allegedly miscalculated his parole eligibility date. MDOC has given him a parole eligibility date in 2018, but Walters maintains that he is actually past his true parole eligibility date. He accuses Defendant Commissioner Marshall Fisher, Alisha Box, Jeworski Mallett, and the Inmate Legal Assistance Program director Gia McLoud of affirming the allegedly incorrect sentence and parole eligibility calculations.

## DISCUSSION

The Prison Litigation Reform Act of 1996 ("PLRA") applies to prisoners proceeding *in forma pauperis* in this Court. The PLRA provides in part that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state

a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised. . . ." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* Because the Court has permitted Walters to proceed *in forma pauperis*, the Complaint is subject to the provisions allowing for *sua sponte* dismissal under § 1915.

Walters challenges his convictions, sentences, and parole eligibility date, under § 1983. He seeks damages and earlier parole consideration.

CONVICTIONS AND SENTENCES

First, Walters claims that his guilty pleas to possession of methamphetamine and grand larceny were involuntary, that his sentences as imposed are excessive, and that his sentences, even as imposed, are being miscalculated by MDOC. A civil action that challenges the fact or duration of a conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In such a case, a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a . . . tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas

corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Where success on the claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82. *Heck* applies to a challenge over the computation or calculation of a sentence. *McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

Walters complains that his guilty pleas were unknowing and in violation of his right to effective assistance of counsel, that his sentences exceed both the statutory maximum and his plea agreement, and that MDOC is keeping him in prison longer than even these allegedly illegal sentences mandate. Success on any one of these claims would necessarily invalidate his state court convictions and sentences. The claims may only proceed if he proves the convictions, sentences, or sentence calculations have already been invalidated. He admits that they still stand.

Because the Jones County convictions and sentences and MDOC's sentence calculations have not yet been invalidated, Walters is precluded by *Heck* from challenging them in this civil action. This case is dismissed with prejudice for failure to state a claim, until such time as he successfully has them invalidated, via appeal, post conviction relief, habeas, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal counts as a strike under § 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

PAROLE ELIGIBILITY DATE

Next, Walters contends he is being denied due process and suffering cruel and unusual punishment because he is not being given timely parole consideration. In Mississippi, whether to grant parole is a discretionary decision; therefore Mississippi prisoners have no liberty interest in parole. *Wansley v. Miss. Dep't of Corrs.*, 769 F.3d 309, 312 (5th Cir. 2014). Walters does not ask for parole but instead asks for the opportunity to be considered for parole earlier than 2018.

4

Nevertheless, "an expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause." *Id.* Walters merely asserts that he has an expectation of receiving earlier parole consideration than he is being given. Without more, this is simply not a liberty interest protected by the Due Process Clause. This claim is dismissed as frivolous.

As for the Eighth Amendment claim, the Fifth Circuit Court of Appeals has held that the "disappointment" and "psychological distress which . . . prisoners suffer from [a parole board's] arbitrary and capricious denials of parole" does not equate to cruel and unusual punishment. *Cook v. Whiteside*, 505 F.2d 32, 34 (5th Cir. 1974). Walters's claim of a mere delay in parole consideration can fare no better. The delay is likewise "a disappointment rather than a punishment of cruel and unusual proportions." *Miller v. Owens*, No. A-10-CA070, 2011 U.S. Dist. LEXIS 69754 at *23 (W.D. Tex. June 29, 2011). This claim is dismissed with prejudice for failure to state a claim. *Cook*, 505 F.2d at 34.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this case should be, and is hereby **DISMISSED WITH PREJUDICE**. The claims challenging the convictions, sentences, and sentence calculations are dismissed for failure to state a claim, until such time as *pro se* Plaintiff Christopher W. Walters successfully has them invalidated, via appeal, post conviction relief, habeas, or otherwise. The remainder is dismissed as frivolous and for failure to state a claim. This dismissal counts as a strike under 28 U.S.C. § 1915(g). A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 13th day of October, 2016.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE